**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Petitioner,**

v.

**Shirley Lee SIERRA d/b/a Amigos, Respondent.**

**No. C–8456.**

Supreme Court of Texas.

Feb. 14, 1990.

W. Reed Lockhoof, Austin, for petitioner.

Bruce N. Smith, Thomas A. Ukinski, Beaumont, for respondent.

PER CURIAM.

A divided court of appeals in this case has held that the denial of a wine and beer permit by the County Judge of Orange County, acting as an administrative officer for the Texas Alcoholic Beverage Commission,[1] is not supported by substantial evidence.[2]  763 S.W.2d 945.  We disagree.

Shirley Lee Sierra applied for an on-premises wine and beer permit for her restaurant.  Hearing on Sierra's application was conducted by the County Judge of Orange County.  Six witnesses testified against the application.  The central theme of their testimony was that Sierra's restaurant was located on a dangerous curve on a highway, and that the prospect of people having consumed alcohol at the restaurant attempting to leave the somewhat limited parking area and enter highway traffic posed a safety hazard.  On cross-examination, some but not all of the witnesses admitted that they were members of a local church and that they were morally opposed to the consumption of alcoholic beverages.  At the conclusion of the hearing, the county judge denied the application, explaining:

> First of all, let me say that this is my decision.  I accept the responsibility.  I've already ruled on this once.  I'm not moved by large numbers of people.  I'm not against alcohol, and I'm not against a church.  I'm certainly not opposed to new business.  The problem I see here is a problem that I'm not sitting here listening to or listening to videos.  I've driven out there myself.  It's that important to me.  The situation involving a round curve, not a flat curve.  A round curve is an extraordinarily dangerous situation, very dangerous.  I do not want to sign my name to someone's death certificate.

On appeal, the district court affirmed the county judge's decision.

The court of appeals acknowledged that the administrative ruling must be reviewed under the substantial evidence test.  *See* TEX.ALCO.BEV.CODE ANN. §§ 61.34, 11.67(b) (Vernon 1978).  "The test, as stated many times by this court, is whether the evidence as a whole is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action."  *Texas State Bd. of Dental Examiners v. Sizemore,* 759 S.W.2d 114, 116 (Tex.1988).  In applying this test, the court of appeals referred very briefly to the hearing record and then concluded:

> The county judge denied the application solely on the ground that the proposed site was located on a dangerous curve in the road.  Interestingly, in making his ruling, the county judge stated that the "problem" upon which he based his denial was not apparent in the evidence adduced at the hearing, and we agree.

---

**1.** *See* TEX.ALCO.BEV.CODE ANN. §§ 61.31–61.32 (Vernon 1978).

**2.** The court of appeals also held that the permit applicant's failure to notify the protestants of the appeal of the county judge's ruling, as re-

quired by TEX.ALCO.BEV.CODE ANN. § 11.67(c) (Vernon 1978), did not deprive the district court of jurisdiction to consider the appeal.  We do not address this holding of the court of appeals.

The court of appeals misinterpreted the county judge's explanation of his ruling. The fair import of what the county judge said is not that he was ruling on evidence outside the record, but that *in addition* to what had been shown him, he had considered the matter important enough to take time to drive to the location and look at it firsthand. However, even if the county judge did consider evidence outside the record, there was substantial evidence in the record to support his decision. The issue for the court of appeals was not whether the county judge's ruling was correct but whether it was reasonable. *Sizemore,* 759 S.W.2d at 117. From our review of the six witnesses' testimony in this record, it seems clear that the county judge could reasonably have ruled either way.

As the dissenting justice pointed out, the court of appeals rather plainly weighed the evidence independently and substituted its own judgment for that of the county judge. This it was not authorized to do. *Id.* Because the court of appeals' decision conflicts directly with *Sizemore,* a majority of the Court grants the Commission's application for writ of error pursuant to Rule 133(b) of the Texas Rules of Appellate Procedure, and without hearing oral argument, reverses the judgment of the court of appeals and affirms the decision of the district court upholding the order of the Commission.