**Wayne M. OVERALL d/b/a Painting Professionals, Appellant,**

v.

**SOUTHWESTERN BELL YELLOW PAGES, INC., Appellee.**

No. C14–93–00120–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 6, 1994.

Debra Jo Catlett, Houston, for appellant.

Lisa White Watkins, Bruce K. Watkins, Houston, for appellee.

Before ROBERTSON, CANNON and J. MORSE (Retired), JJ.

## OPINION

CANNON, Justice.

Appellant, Wayne M. Overall, appeals from a final judgment in favor of Southwestern Bell Yellow Pages, Inc., appellee, on a debt arising out of two contracts. Appellant brings three points of error challenging the trial court's exclusion of his exhibits, authenticity of appellee's exhibits, and sufficiency of the evidence. We affirm.

Appellant executed two agreements to publish Yellow Pages directory advertising in 1989 and 1990. The name to be listed in the directory was Painting Professionals. Billing was to be sent to Painting Professionals at a Houston address. The contracts were signed "Wayne M. Overall," and the word "Owner" was written in the space next to appellant's signature. The terms called for payment in twelve installments of approximately $1383.86 and $1915.25, respectively. No mention is made anywhere on either contract of a corporation with the name of "The Overall Corporation."

Appellee filed suit on March 13, 1991, seeking to hold appellant liable in his individual capacity. Appellant responded with a verified denial, and discovery was conducted. Appellee sent written interrogatories and requested production of appellant's copies of the contracts he executed, as well as a copy of a d/b/a registration filed with the Harris County Clerk's office. Appellant described these documents in detail in his answer to the interrogatories, and stated that the documents were available for inspection at the office of appellant's attorney. At trial appellant attempted to introduce these documents into evidence. The trial court excluded them based upon appellant's failure to produce the documents.

■ In his first point of error, appellant argues that the trial court erred or abused its discretion by denying introduction of his exhibits 1, 2, and 3, into evidence. Appellant predicates his assertion on the premise that the discovery request, which was the basis for the trial court's exclusion, was defective on its face. Appellee's discovery request integrated both their interrogatories and requests for production in a single instrument and stated that pursuant to the rules of civil procedure, appellant was required to respond within thirty days.

Rule 167 of the Texas Rules of Civil Procedure requires that a party object to, or comply with, a request for production not served

along with the citation within 30 days after service of the request. Rule 168(4), however, specifically provides that the time allowed for a party to respond to interrogatories which do not accompany service of the citation *shall not be less* than thirty days. Clearly, appellee's discovery request was contradictory.

In *Lehtonen v. Clarke*, 784 S.W.2d 945 (Tex.App.—Houston [14th Dist.] 1990, writ denied), this Court held that interrogatories which purported to require answers within thirty days are defective, and that sanctions can not be predicated upon a failure to respond. *Id.* at 948. Appellant argues that because appellee made a conscious decision to integrate both their written interrogatories and requests for production that *Lehtonen* should control.

We disagree. The rules setting out the time frames for objecting or responding to interrogatories or requests for production are precise. To hold that because appellee's interrogatories were defective that his requests for production were also defective is, in essence, to carve an exception to the time requirements imposed by Rule 167. We decline to do this. We resolve the issue by holding that appellee's written interrogatories were defective on their face. The requirement that appellant respond within in 30 days of service, however, was correct as regards the request for production. Thus appellant was required to produce the documents within 30 days. Appellant failed to do so.

Appellant also argued that the documents were available for inspection at his attorney's office. Appellant justifies this "safeguard" with the patently absurd contention that he was afraid appellee's representatives would alter the documents. Not only is this a disparagement upon the character of appellee's counsel, it is an unacceptable justification to this Court for appellant's refusal to produce the requested documents. The ease with which these documents, constituting all of three pages, could have been photocopied and provided to appellee's attorneys is borne out by the very fact that photocopies appear in the transcript before us. The Rule requires a party to send the documents to the requesting party along with a copy of the response. Tex.R.Civ.P. 167(1)(f) (Vernon Supp.1993). Appellant did not follow the rule.

This Court is aware of cases where a responding party has been permitted to make documents available at a specified location, instead of sending them directly to the requesting party. *E.g.*, *Steenbergen v. Ford Motor Co.*, 814 S.W.2d 755 (Tex.App.—Dallas 1991, writ denied), *reh'g overruled, cert. denied,* —— U.S. ——, 113 S.Ct. 97, 121 L.Ed.2d 58 (1992). Such cases involve the production of many, usually thousands, of documents. In *Steenbergen,* for example, the defendant, Ford Motor Company, had gathered over 100,000 documents related to the litigation, and other, similar suits, in a "reading room" at its corporate headquarters, where opposing counsel could inspect and photocopy the documents. To require the defendant in that case to produce the documents at the location specified by the plaintiff's request not only would have been unduly burdensome, but would have jeopardized Ford's defense in related law suits. The defendant sought and obtained a protective order from the court that approved production of the documents at their headquarters.

In the case before us today, however, appellant has no such justification for producing the documents at his attorney's office. The documents involved number exactly three. Appellant did not seek a protective order. Nor did he object to the form of appellee's questions. In short, appellant simply did not respond to the request for production.

Rule 215(5) of the Texas Rules of Civil Procedure provides that any party who fails to respond to or supplement a request for discovery shall not be permitted to present evidence on that point unless the trial court finds good cause sufficient to require admission exists. *Alvarado v. Farah Mfg. Co., Inc.,* 830 S.W.2d 911, 914 (Tex.1992). The exclusion is mandatory. There was no good cause sufficient to require admission of appellant's exhibits. The trial court did not abuse its discretion in refusing to admit appellant's exhibits. We overrule his first point of error.

■ In his second point of error, appellant alleges that the trial court erred by denying evidence contesting the authenticity and/or genuineness of the written contract. Appellant complains that he was not permitted to contest the genuineness of the contracts at trial because the trial court incorrectly ruled that he had failed to deny the genuineness of the document. He correctly points out that Rule 93 of the Texas Rules of Civil Procedure does not require a party to file a verified denial of the genuineness of a document.

Appellant misapprehends the court's ruling. Appellee objected to testimony striking at the genuineness of the documents on the grounds that appellant did not plead by verified denial the genuineness of the endorsement of appellant's signature on the contracts. The court looked at the pleadings, and determined that these matters had not been pled. The court sustained appellee's objection on those grounds. Appellant's attorney then informed the court that she was trying to elicit testimony that the contracts admitted into evidence by appellee were not genuine. The judge still sustained the objection.

It is evident from the statement of facts that the trial judge determined that appellant was trying to contest the genuineness of the signatures by way of proving the contracts were not "genuine." Appellant did not file a verified denial of the genuineness of his signature. The trial judge properly sustained the objection. We overrule appellant's second point of error.

■ In his third point of error appellant contends that the evidence was insufficient to support the court's finding that he was individually liable on the contract, or that there was an enforceable agreement between the parties. When reviewing a challenge to the sufficiency of the evidence, this Court must first consider, weigh, and examine all of the evidence which supports and which is contrary to the verdict. *Plas–Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). We may set aside the verdict only if it is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong, or if the evidence standing alone is too weak to support the

finding. *Cain v. Bain*, 709 S.W.2d 175 (Tex. 1986) *(per curiam )*.

■ The following evidence was adduced which favors the verdict: (1) two contracts, for advertising in the name of painting professionals, signed by appellant, with no indication that he is signing on behalf of The Overall Corporation, or any other principal, other than an entity called Painting Professionals; (2) the contracts recited the terms of the agreement, what advertising was to be received, and what amount was to be paid; (3) there was no Texas corporation called Painting Professionals; (4) there was no assumed name certificate filed with the Secretary of State, pursuant to TEX.BUS. & COM. CODE ANN. § 36.11(a) (Vernon Supp.1994), stating that The Overall Corporation was doing business under the name of Painting Professionals; and (5) testimony that Painting Professionals owed $27,159.19, and that this debt had not been paid.

Evidence adduced which favors appellant includes: (1) testimony that Painting Professionals was the customer of appellee; (2) testimony that appellant's copies of the contracts were not identical to appellee's in that appellant had signed the 1989 contract before some of the terms, regarding amount of monthly payments, had been filled in, and that the word "owner" had been inserted behind appellant's signature; (3) testimony by appellant that he did not sign the contract in his individual capacity; (4) testimony by appellant that The Overall Corporation owned Painting Professionals; and (5) a form approving the ad copy which had been signed by appellant, and which titled appellant as "president".

We conclude that the verdict is not so against the great weight of the evidence that it was manifestly unjust or clearly wrong. We also conclude that the evidence, standing alone, was not too weak to support the finding.

Appellant further argues that the contracts were admitted only as business records, and not for the truth of the matter asserted. We examined the statement of facts. It shows that the following exchange took place between counsel and the court:

APPELLANT: As to Plaintiff's Exhibit No. 1 and 2, we have objection under best evidence rule.

COURT: Okay.... Business evidence rule?

APPELLANT: We question the authenticity of the documents.

COURT: Are those from the telephone directory itself?

APPELLANT: These are the contracts, Your Honor.

APPELLEE: 1 and 2 are the contracts....

COURT: Counsel, what about the business record rule exception to the hearsay rule?

APPELLANT: Your Honor, I understand that there is a business record but—

COURT: That's what she [Appellee's attorney] is asking me to admit them under.

APPELLANT: As long as she is admitting them under as a record and not for the authenticity, then I have no objection. But if she is admitting to authenticity, other than this is a record that's in their file, I have objection under the best evidence rule.

COURT: What is your response to that?

APPELLEE: Your Honor, we are offering them as to the fact that these are documents kept within the business records, as business records of Southwestern Bell as far as the contracts are concerned. I can take Mr. Gibbons further on voir dire as far as—

COURT: No, I think what counsel is saying, that's the purpose you are admitting them for, she has no problems, correct?

APPELLANT: Just that the are records in their file, I have none, but as for as the authenticity of the records, I would object.

APPELLEE: That's fine, Judge.

COURT: All right. 1 and 2 are admitted merely under the business record rule exception.

■ Appellant's attorney is mistaken as to the significance of the Judge's ruling. Rule 802 of the Texas Rules of Civil Evidence provides that hearsay, which is an out of court statement offered for the truth of the matter asserted, is not admissible into evidence, *unless* otherwise permitted by the Rules of Civil Evidence or some other statute. Rule 803(6) of the Rules of Civil Evidence provides that records of regularly conducted activity are admissible as an exception to the rule against hearsay. This is commonly referred to as the "business records" exception. By authorizing admission of business records as a hearsay exception, the Rule intends such records to be admissible for the truth of the matter asserted. The judge admitted the documents under the business records exception to the rule against hearsay. At that time they were admitted "for the truth of the matter asserted," *e.g.*, their genuineness.

■ Appellant also asserts that if the authenticity of an alleged business record is brought into question, the custodian must be able to verify that the copies are true and accurate copies of the records in order for the duplicate to be introduced pursuant to Rule 803(6) of the Texas Rules of Civil Evidence. He relied on *Ronk v. Parking Concepts of Texas, Inc.*, 711 S.W.2d 409 (Tex. App.—Ft. Worth 1986, writ ref'd n.r.e.), to support this argument. Once again, appellant misunderstands the nature of the rule. The question in the cases cited by appellant was not whether the alleged business record was a genuine copy of the original contract, but whether it was a genuine copy of the original business record.

The question in the instant case was not whether the copy appellee sought to introduce was a genuine copy of the original business record. It was. What happened is that appellant signed the contract at a point in time where some terms were left blank, then someone filled in those terms, and then appellee's original copy of the contract was duplicated and entered into their business records.

The question in the instant case was whether or not appellee's business record was a genuine copy of the original contract. Appellee was entitled to enter it into evidence under the business records exception to the hearsay rule to prove that it was. Appellant was entitled to disprove that appellee's copy was an accurate reproduction of

the original contract by introducing his own business record showing that the terms had later been filled in. Appellant failed, however, to comply with the rules of discovery, and this led to his not being permitted to introduce his documents. The fault lies with appellant, and not in the trial court's ruling admitting appellee's business records. We overrule appellant's last point of error. We affirm the judgment.