# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00642-CV

**Texas Alcoholic Beverage Commission, Appellant**

**v.**

**Carlos Sanchez, d/b/a Tierra Caliente Bar and Grill, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. GN103121, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

This is an alcoholic beverages permit and license case. The Travis County District Court ordered the grant of a permit and license to sell alcoholic beverages at the >Tierra Caliente Bar and Grill= to Carlos Sanchez (ASanchez@), overruling the Travis County Judge=s administrative ruling refusing the same application. The Texas Alcoholic Beverage Commission (Athe Commission@) appeals, contending that the county judge=s order was supported by substantial evidence and should have been affirmed. Because we find that there was substantial evidence to support the county judge=s determination, we will reverse.

## BACKGROUND

In 2001, Sanchez filed an original application in the constitutional county court for a wine and beer retailer=s permit and a retail dealer=s on-premise late hours license for the ATierra Caliente Bar and Grill,@ under the provisions of the Alcoholic Beverage Code (Athe Code@).[1] *See* Tex. Alco. Bev. Code Ann. '' 61.31(a), 25.01, 70.01 (West 1995). The Tierra Caliente shares the same address and grounds as a motel, the Chariot Inn. Because the property, particularly the motel, had a history of criminal activity, the Commission protested the application. Together with the Austin Police Department and the Travis County Sheriff=s Department, the Commission filed a notice of protest and opposed the application at a hearing before the county judge.

The Commission contested the permit and license on the ground that serving alcohol at that particular location would threaten the general welfare, peace, morals, and safety of the area. *See* Tex. Alco. Bev. Code Ann. ' 61.42(a)(3). To support its claim, the Commission submitted an affidavit by the Austin chief of police and testimony of a Commission agent and several law enforcement officials to show that there

---

[1] The Code requires an applicant to file an original application for a wine and beer retailer=s permit and a retail dealer=s on-premise late hours license in the constitutional county court in the county where the business will be located. Pursuant to sections 61.31(b) and 61.32, the county judge conducts a hearing on the application to determine whether to grant or refuse the application. Tex. Alco. Bev. Code Ann. '' 61.31-.32 (West 1995).

was an unacceptable amount of criminal activity at that location. The county judge denied the permit and license under the Code, citing section 61.42(a)(3).

Sanchez appealed to the district court. *See id.* ' 11.67(a),(b); Tex. Gov=t Code Ann. ' 2001.174 (West 2000). On appeal, Sanchez argued that one of the Commission=s administrative rules, Rule 35.31 (Athe Rule@), provides the exclusive standard to establish criminal activity at a specific location as grounds for denying a permit or license under section 61.42(a)(3). *See* 16 Tex. Admin. Code ' 35.31(b)(3) (West 2001). Sanchez also contended that the Commission presented no substantial evidence to support its allegation of criminal activity. To suspend a license or deny a license renewal, the Rule requires evidence both that the permittee: (1) had either actual or constructive knowledge of criminal activities on the premises; and (2) failed to take reasonable steps to prevent them. *Id.* Relying specifically on the Rule, the district court reversed the county judge=s order and granted Sanchez=s application.

The Commission contends on appeal to this Court that, while the Rule may control renewal applications based on the *manner* in which permit and license holders behave, it does not apply to original applications in which the permit or license is contested based upon *location*; therefore, under the Code the county judge=s determination was based on substantial evidence. In reply, Sanchez contends that: (1) because the Rule governs the application proceeding the county judge had no basis on which to deny the application; and (2) even if the Rule does not apply, the Commission failed to provide substantial evidence that there was criminal activity on the premises. We agree with the Commission=s interpretation of its rule and will address the relationship between the Rule and section 61.42(a)(3) first.

3

## DISCUSSION

*Scope of the County Judge=s Authority*

The Code provides as follows:

### Mandatory Grounds for Refusal: Distributor or Retailer

(a) The county judge shall refuse to approve an application for a license as a distributor or retailer if he has reasonable grounds to believe and finds that:

. . . .

(3) the place or manner in which the applicant for a retail dealer=s license may conduct his business warrants a refusal of a license based on the general welfare, health, peace, morals, safety, and sense of decency of the people[.]

Tex. Alco. Bev. Code Ann. ' 61.42(a)(3).[2]

To interpret section 61.42(a)(3), the Commission has, in the Rule, promulgated a non-exhaustive list of offenses against the general welfare that fall within the scope of the Code. A current licensee or permittee violates the Code when he knows or should have known Aof the offense or the likelihood of its occurrence and fail[s] to take reasonable steps to prevent the offense.@ 16 Tex. Admin. Code ' 35.31(b)(3). Sanchez argues that the Rule requires the Commission to provide evidence both that:

---

[2] Code provisions governing applications for retail dealer=s on-premises licenses also govern applications for wine and beer retailer=s permits. Tex. Alco. Bev. Code Ann. ' 25.04(a) (West 1995). For convenience, we will simply refer generally to a license.

4

(1) an offense listed in subsection (c) was committed; and (2) the applicant=s conduct linked him to that

offense.**[3]**



**[3]**    Subsection (c) provides a non-exhaustive list of fifteen different offenses described in either the Texas Penal Code or the Texas Health and Safety Code which, if committed on the premises of a licensed business, constitute grounds for license suspension or non-renewal.  16 Tex. Admin. Code ' 35.31(c) (West 2001).

According to Sanchez, because the Commission did not prove the existence of any criminal activity or Sanchez=s connection to any such activity, the district judge properly ordered that the application be granted. **Sanchez argues that the Rule=s evidentiary requirements must apply because it provides the exclusive means for refusing an application based on criminal activity under section 61.42(a)(3). In the Rule, subsection (c) lists the Aoffenses that are the subject of this Rule,@ and subsection (d) explicitly states that the Rule is not the exclusive means by which section 61.42(a)(3) may be violated.[4]** *See* **Tex. Admin. Code ' 35.31(c)-(d) (West 2001). By its terms, then, the Rule does not create the exclusive means by which criminal conduct will warrant an application=s refusal under the Code. It merely creates a list of offenses to which the Rule must apply.**

**Although the Code allows the county judge to deny a license based on place or manner, the Rule speaks to licensing based on manner. Because the Rule does not address an evidentiary standard for denying an application when the location alone is at issue, it does not define the entire scope of the authority the Code grants to the county judge. Therefore, the Rule cannot be the exclusive means for denying an application under section 61.42(a)(3) based on indications of criminal activity. We find that the Rule does not limit the county judge=s discretion to deny a liquor license based on reports of criminal activity at a particular location.**

---

[4] Subsection (d) of the Rule states that, AThis rule does not constitute the exclusive means by which . . . ' 61.42(a)(3) . . . may be violated.@ 16 Tex. Admin. Code ' 35.31(d) (West 2001).

6

The Commission further argues that Sanchez=s application does not fall within the Rule=s subject matter because he is an *original applicant* and the Rule only applies to current licensees or permittees and, as construed by the Commission, to *renewal applicants.* **The Code defines an applicant as a person who submits or files either an original or renewal application. Tex. Alco. Bev. Code Ann. ' 1.04(9) (West 1995).** The Rule applies to any Alicensee or permittee.@ 16 Tex. Admin. Code 35.31(b). Statutory provisions and rules bearing on the same matters must be given a consistent and harmonious meaning. *Texas Citrus Exch. v. Sharp*, 955 S.W.2d 164,169 (Tex. App.CAustin 1997, no pet.). Rules adopted by an agency must **be consistent with the statutory authority of the agency, and they may not impose additional burdens, conditions, or restrictions in excess of the statutory provisions. *Railroad Comm'n v. ARCO Oil & Gas Co.*,** 876 S.W.2d 473, 481-82 (Tex. App.CAustin 1994, writ denied).

The Code defines an applicant as a person who submits or files either an original or renewal application. Tex. Alco. Bev. Code Ann. ' 1.04(9). Because permits and licenses must be renewed periodically by application, a person can simultaneously be a permittee, licensee, and renewal applicant. *See* Tex. Alco. Bev. Code Ann. ' ' 11.32 (permit renewal application), 61.48 (license renewal application) (West 1995). When this occurs, the person falls within the subject-matter scope of *both* the Rule and the Code. The Rule, however, only applies to Alicensees and permittees.@ 16 Tex. Admin. Code 35.31(b). Therefore, because Sanchez is an original applicant, the Rule does not control his application.

Sanchez contends that, because the Tierra Caliente had been open for several weeks prior to the application proceedings, he had a criminal activity-free operating history on the premises sufficient to

invoke the Rule=s standards. His case, however, presents an original application contested solely on section 61.42(a)(3)=s requirement that the *location* of a business be appropriate for an alcoholic beverages permit or license. The scope of the Code is greater than that of the Rule. While section 61.42(a)(3) envisages a review based on *place or manner*, the Rule only speaks to the *manner* in which an existing permittee or licensee conducts his business. Before the Commission denies the permittee or licensee a renewal application, the Rule requires evidence of the manner in which the applicant, acting as a permittee or licensee, has conducted his business. By contrast, an original applicant has no such history. In cases like Sanchez=s, where the protest is based on the location, the only evidence that exists is information relating to the location=s history. We hold, therefore, that under the Code, a county judge can deny a license based solely on information about the location for which the license is sought. The Commission=s issue is sustained. We will now examine the county judge=s order to determine whether it was supported by substantial evidence.

*Admissibility of Police Reports*

**Before reviewing the record for substantial evidence, we must address Sanchez=s argument that none of the proffered police reports can be used to prove the existence of criminal activity at a particular location. Sanchez challenges the admissibility of the police reports relied on by the county judge in denying the application. The Commission introduced the reports through Austin Police Detective Steve Oswalt. Detective Oswalt testified that Chief of Police Stan Knee had signed an affidavit protesting Sanchez=s application because Knee believed that**

**8**

there was Aan excessive amount of criminal activity@ at the Tierra Caliente=s location. Chief Knee=s affidavit and Detective Oswalt=s testimony relied on incident reports which detailed the criminal activity occurring at the Chariot Inn during the fifteen months leading up to Sanchez=s application. These incident reports included 258 police calls, which generated 153 police reports for the Chariot Inn location. The Commission independently introduced these reports into evidence. Sanchez objected on hearsay grounds. The county judge provisionally admitted the reports for a limited purpose, but asked the parties to submit briefs concerning their admissibility generally. In his decision and findings, the county judge relied heavily on the police reports as evidence of criminal activity.

Sanchez argues that the county judge admitted the reports only for the limited purposes of showing that someone had registered a complaint and that the calls generated reports. Therefore, Sanchez contends, they do not prove the existence of criminal activity. The Commission replies that the police reports were appropriately admitted under the Apublic records@ exception to the hearsay rule. *See* Tex. R. Evid. 803(8). Because they fall within an exception to the hearsay exclusion, the Commission argues that the county judge appropriately relied on the reports for evidence of criminal activity occurring at the Chariot Inn location.

A judge sitting without a jury can provisionally admit evidence during trial, and it is then presumed on appeal that the judge disregarded any incompetent evidence in reaching a judgment. *Helms v. Texas Alcoholic Beverage Comm=n*, 700 S.W.2d 607, 615 (Tex. App.CCorpus Christi 1985, no writ). Hearsay, which is an out-of-court statement offered for the truth of the

**9**

matter asserted, is not admissible into evidence unless otherwise permitted by the Rules of Evidence or some other statute. Tex. R. Evid. 802. Rule 803(8) provides that records or reports of a public agency which set forth Amatters observed pursuant to duty imposed by law as to which matters there was a duty to report,@ are an exception to the hearsay rule. Tex. R. Evid. 803(8)(B). By authorizing admission of public records as a hearsay exception, the rule makes such records admissible for the truth of the matter asserted. *Overall v. Southwestern Bell Yellow Pages, Inc.*, 869 S.W.2d 629, 633 (Tex. App.CHouston [14th Dist.] 1994, no writ). The police reports at issue include eye-witness accounts of officers as they responded to calls and investigated alleged criminal activity. Independently of proving criminal activity, these reports indicate that the Commission and the law enforcement agencies perceived an overall pattern of criminal activity on the grounds of the Chariot Inn. Because these police reports fall within the scope of the public records hearsay exception, the county judge appropriately relied upon them as evidence of criminal activity at the Chariot Inn location.

*Substantial Evidence Review*

**We now examine whether there was substantial evidence to support the county judge=s refusal of Sanchez=s application. Because we have held that the Rule does not apply exclusively in this instance, we look to the broad standard prescribed by section 61.42(a)(3).** In reviewing an application for a beer and wine license or permit, the county judge acts in an administrative rather than a judicial capacity. *Lindsay v. Sterling*, 590 S.W.2d 560, 562 (Tex. 1985). **The Code does not define how the place or manner in which a business will be operated jeopardizes the general welfare, health, peace, morals, or sense of decency of the people.** *Brantley v. Texas Alcoholic Beverage Comm=n*, **1 S.W.3d 343, 347 (Tex. App.C Texarkana 1999, no pet.). The Legislature has given the county judge great discretion in this determination.** *Four Stars Food Mart, Inc. v. Texas Alcoholic Beverage Comm=n*, 923 S.W.2d 266, 272 (Tex. App.CFort Worth 1996, no writ).

In this context, county court proceedings are subject to the procedural provisions of the Administrative Procedure Act. *Brantley*, **1 S.W.3d** at 343. We review administrative decisions under the substantial evidence test. Tex. Alco. Bev. Code Ann. **' '** 11.67(b), 61.34. The appropriate test is whether the evidence as a whole is such that reasonable minds could have reached the same conclusion that the county court reached to justify its decision. *Texas Alcoholic Beverage Comm=n v. Sierra*, 784 S.W.2d 359, 360 (Tex. 1990). Substantial evidence need only be more than a scintilla; in fact, the evidence may greatly preponderate against the decision and still amount to substantial evidence in favor of the decision. *Texas Health Facilities Comm=n v. Charter Medical-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984).

**11**

We do not consider whether the county judge=s ruling was correct, but only whether some reasonable basis exists in the record for the ruling. *Sierra*, 784 S.W.2d at 361.

**We have reviewed the record of the county court. On the basis of this record, which includes the affidavits and police reports suggesting pervasive criminal activity at the location, we conclude it was reasonable for the county judge to refuse the application under section 61.42(a)(3). Because the county judge was exercising his administrative discretion under the Code and there was substantial evidence to support his decision, the district court erred in overruling his determination. The Commission=s issue is affirmed.**

## CONCLUSION

Having reviewed the record and considered the arguments of both parties, and because there was substantial evidence to support the county judge=s decision, we conclude that the district court **erred in relying on the Commission=s Rule to overrule the county judge=s order. Therefore, the order of the district court is reversed and we render judgment that the order of the county judge denying Sanchez=s application for a wine and beer retailer=s permit and retail dealer=s on-premise late hour license is reinstated.**

Mack Kidd, Justice

**12**

Before Justices Kidd, B. A. Smith and Yeakel

Reversed and Rendered

Filed:   October 17, 2002

Publish