COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-246-CV
 
  
JERALD H. MILLER                                                                APPELLANT
  
V.
  
TEXAS ALCOHOLIC BEVERAGE                                                 APPELLEE
COMMISSION
 
  
------------
 
FROM THE 141ST DISTRICT COURT OF 
TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant, 
Jerald H. Miller, filed this pro se appeal from the trial court’s affirmation 
of the order of Appellee, Texas Alcoholic Beverage Commission (TABC), cancelling 
Miller’s liquor permits and licenses after an administrative law judge (ALJ) 
found that Miller had failed to pay ad valorem taxes on the permitted premises. 
In nine issues, Miller argues that the trial court erred by affirming the 
TABC’s order. Because we hold that the TABC’s order was supported by 
substantial evidence, we affirm the trial court’s judgment.
        On 
March 6, 2003, a hearing was held before an ALJ regarding the TABC’s 
contention that Miller’s liquor permits and licenses should be cancelled 
because he failed to pay delinquent ad valorem taxes on the permitted premises. 
In support of its allegations, the TABC presented the affidavit of Betsy Price, 
Tarrant County Tax Assessor Collector, and the Tarrant County Cash Manager, 
Vicki Ansley, testified. Both Price’s affidavit and Ansley’s testimony 
provided that Miller had not paid delinquent taxes owed on the permitted 
premises for years 1994 through 2001. Additionally, Price’s affidavit included 
a certified mail return receipt (green card) signed by Miller followed by a 
four-page delinquent tax statement showing taxes owed for years 1994 through 
2001 and seven pages of tax office correspondence reports showing statements 
sent for years 1995 through 2002. Miller, appearing without counsel, did not 
present any evidence.
        After 
the hearing, the ALJ issued a proposal for decision, including findings of fact 
and conclusions of law, recommending that the TABC cancel Miller’s permits and 
licenses. The TABC entered an order adopting the ALJ’s findings of fact and 
conclusions of law and cancelled the permits and licenses. Miller appealed the 
TABC’s order in the district court, which affirmed the order. He now appeals 
the trial court’s decision.
        Miller’s 
administrative proceeding is subject to the procedural provisions of the 
Administrative Procedure Act.[2] We review 
administrative decisions under the substantial evidence test.[3]  
The appropriate test is whether, confined to the agency record,[4]  
the evidence as a whole is such that reasonable minds could have reached the 
same conclusion that the ALJ reached to justify its decision.[5] 
Substantial evidence need only be more than a scintilla; in fact, the evidence 
may greatly preponderate against the decision and still amount to substantial 
evidence in favor of the decision.[6]  We do not 
consider whether the TABC’s ruling was correct, but only whether some 
reasonable basis exists in the record for the ruling.[7]
        Because 
Miller did not present any evidence at the administrative hearing, our review of 
Miller’s nine issues is restricted to whether there is substantial evidence in 
the agency record alone to support the TABC’s order.[8]  
Consequently, to the extent Miller raises any issues beyond whether the TABC met 
its burden of proof in this case—that is, whether he received notice of the 
delinquency and whether he was placed on the delinquent tax roll—we do not 
reach those issues because Miller failed to preserve them for our review.[9]
        We 
construe Miller’s nine issues as arguing that the trial court erred by 
affirming the TABC’s order because it was not supported by substantial 
evidence. Specifically, we construe Miller’s issues as arguing that the TABC 
failed to present substantial evidence that he received notice of the ad valorem 
tax delinquency and that he was placed on the delinquent tax roll.
        The 
statute at issue in this case is section 11.38(e) of the Texas Alcoholic 
Beverage Code, which states:
 
The 
commission or administrator may cancel or deny a permit for the retail sale or 
service of alcoholic beverages, including a permit held by the holder of a food 
and beverage certificate, if it finds that the permit holder or applicant has 
not paid delinquent ad valorem taxes due on that permitted premises or due from 
a business operated on that premises to any taxing authority in the county of 
the premises. For purposes of this subsection, a permit holder or applicant is 
presumed delinquent in the payment of taxes due if the permit holder or 
applicant:
 
(1) is 
placed on a delinquent tax roll prepared under Section 33.03, Tax Code;
 
(2) has 
received a notice of delinquency under Section 33.04, Tax Code; and
 
(3) has 
not made a payment required under Section 42.08, Tax Code.[10]
 
 
Section 33.04 of the Tax 
Code states that at least once a year, the tax collector “shall deliver a 
notice of delinquency.”[11]  Under section 
1.07(c) of the Texas Tax Code, there is a presumption of delivery when notice 
sent by first-class mail is deposited in the mail.[12]  
This presumption is “rebuttable when evidence of failure to receive notice is 
provided.”[13]  Because the record from the 
administrative hearing reflects evidence of delivery of delinquent notices to 
Miller—a green card signed by Miller followed by multiple pages of delinquent 
statement notices and other correspondence for each year from 1994 through 
2002—and there is no evidence that Miller failed to receive notice, the TABC 
is entitled to the presumption of delivery and thus presented substantial 
evidence of Miller’s delinquency.[14]  The 
trial court did not err by finding substantial evidence of Miller’s receipt of 
the delinquent notices.
        Additionally, 
the delinquent notices along with Betsy Price’s affidavit also establish 
substantial evidence that Miller was placed on the delinquent tax roll as 
required.[15]  Consequently, the trial court did 
not err by finding substantial evidence of Miller’s placement on the 
delinquent tax roll. We overrule Miller’s issues.
        Having 
held that there is substantial evidence to support the TABC’s order, we affirm 
the trial court’s judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
   
  
PANEL B:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
 
DELIVERED: August 19, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  See 
Tex. Alcoholic Beverage Comm’n v. Twenty Wings, Ltd., 112 S.W.3d 
647, 650 (Tex. App.—Fort Worth 2003, pet. denied); Tex. Alcoholic Beverage 
Comm’n v. Sanchez, 96 S.W.3d 483, 489 (Tex. App.—Austin 2002, no pet.).
3.  Tex. Alco. Bev. Code Ann. § 11.67(b) 
(Vernon 1995); Twenty Wings, 112 S.W.3d at 650; Sanchez, 96 S.W.3d 
at 489.
4.  Tex. Gov’t Code Ann. § 2001.175(e) 
(Vernon 2000).
5.  Tex. 
Alcoholic Beverage Comm’n v. Sierra, 784 S.W.2d 359, 360 (Tex. 1990); Twenty 
Wings, 112 S.W.3d at 650; Sanchez, 96 S.W.3d at 489.
6.  Tex. 
Health Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 
446, 452 (Tex. 1984); Twenty Wings, 112 S.W.3d at 651; Sanchez, 96 
S.W.3d at 489.
7.  Sierra, 
784 S.W.2d at 361; Twenty Wings, 112 S.W.3d at 651; Sanchez, 96 
S.W.3d at 489.
8.  See 
Tex. Gov’t Code Ann. § 
2001.175(e); see also Twenty Wings, 112 S.W.3d at 650–51.
9.  See 
Tex. Gov’t Code Ann. § 
2001.175(e); Tex. R. App. P. 
33.1(a).
10.  
Tex. Alco. Bev. Code Ann. § 
11.38(e) (Vernon Supp. 2004-05).
11.  
Tex. Tax Code Ann. § 33.04 
(Vernon 2001).
12.  
Id. § 1.07(c); Cooke County Tax Appraisal Dist. v. Teel, 129 
S.W.3d 724, 730 (Tex. App.—Fort Worth 2004, no pet.).
13.  
Tex. Tax Code Ann. § 1.07(c); Teel, 
129 S.W.3d at 730.
14.  
See Tex. Tax Code Ann. § 
1.07(c); see also Nussbaum v. City of Dallas, 948 S.W.2d 305, 308 (Tex. 
App.—Dallas 1996, no writ) (holding that an agency order is presumed valid and 
legal, that is, the order is supported by substantial evidence, and the party 
challenging the order has the burden of proving otherwise).
15.  
See Tex. Tax Code Ann. § 
33.03 (Vernon 2001).