Jerald H. Miller v. Texas Alcoholic Beverage Commission

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-246-CV

JERALD H. MILLER APPELLANT

V.

TEXAS ALCOHOLIC BEVERAGE APPELLEE

COMMISSION 

------------

FROM THE 141
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Jerald H. Miller, filed this pro se appeal from the trial court’s affirmation of the order of Appellee, Texas Alcoholic Beverage Commission (TABC), cancelling Miller’s liquor permits and licenses 
after an administrative law judge (ALJ) found that Miller had failed to pay ad valorem taxes on the permitted premises.  In nine issues, Miller argues that the trial court erred by affirming the TABC’s order.  Because we hold that the TABC’s 
order was supported by substantial evidence
, we affirm the trial court’s judgment. On March 6, 2003, a hearing was held before an ALJ regarding the TABC’s contention that Miller’s liquor permits and licenses should be cancelled because he failed to pay delinquent ad valorem taxes on the permitted premises.  In support of its allegations, the TABC presented the affidavit of Betsy Price, Tarrant County Tax Assessor Collector, and the Tarrant County Cash Manager, Vicki Ansley, testified.  Both Price’s affidavit and Ansley’s testimony provided that Miller had not paid delinquent taxes owed on the permitted premises for years 1994 through 2001.  Additionally, Price’s affidavit included a certified mail return receipt (green card) signed by Miller followed by a four-page delinquent tax statement showing taxes owed for years 1994 through 2001 and seven pages of tax office correspondence reports showing statements sent for years 1995 through 2002.  Miller, appearing without counsel, did not present any evidence.

After the hearing, the ALJ issued a proposal for decision, including findings of fact and conclusions of law, recommending that 
the TABC cancel 
Miller’s permits and licenses
.  The TABC entered an order adopting the ALJ’s findings of fact and conclusions of law
 and cancelled the permits and licenses.  Miller appealed the TABC’s order in the district court, which affirmed the order.  He now appeals the trial court’s decision.

Miller’s administrative proceeding is subject to the procedural provisions of the Administrative Procedure Act.
(footnote: 2)  We review administrative decisions under the substantial evidence test.
(footnote: 3)  
The appropriate test is whether, confined to the agency record,
(footnote: 4) 
the evidence as a whole is such that reasonable minds could have reached the same conclusion that the ALJ reached to justify its decision.
(footnote: 5)  Substantial evidence need only be more than a scintilla; in fact, the evidence may greatly preponderate against the decision and still amount to substantial evidence in favor of the decision.
(footnote: 6)  We do not consider whether the TABC’s ruling was correct, but only whether some reasonable basis exists in the record for the ruling.
(footnote: 7)
 Because Miller did not present any evidence at the administrative hearing, our review of Miller’s nine issues is restricted to whether there is substantial evidence in the agency record alone to support the TABC’s order.
(footnote: 8)  Consequently, to the extent Miller raises any issues 
beyond whether the TABC met its burden of proof in this case—that is, whether he received notice of the delinquency and whether he was placed on the delinquent tax roll—
we do not reach those issues
 
because Miller failed to preserve them for our review.
(footnote: 9)
 We construe Miller’s nine issues as arguing that the trial court erred by affirming the TABC’s order because it was not supported by substantial evidence.  Specifically, we construe Miller’s issues as arguing that the TABC failed to present substantial evidence that he received notice of the ad valorem tax delinquency and that he was placed on the delinquent tax roll.

The statute at issue in this case is section 11.38(e) of the Texas Alcoholic Beverage Code, which states:

The commission or administrator may cancel or deny a permit for the retail sale or service of alcoholic beverages, including a permit held by the holder of a food and beverage certificate, if it finds that the permit holder or applicant has not paid delinquent ad valorem taxes due on that permitted premises or due from a business operated on that premises to any taxing authority in the county of the premises.  For purposes of this subsection, a permit holder or applicant is presumed delinquent in the payment of taxes due if the permit holder or applicant:

(1) is placed on a delinquent tax roll prepared under Section 33.03, Tax Code;

(2) has received a notice of delinquency under Section 33.04, Tax Code; and

(3) has not made a payment required under Section 42.08, Tax Code.
(footnote: 10)

Section 33.04 of the Tax Code states that at least once a year, the tax collector “shall deliver a notice of delinquency.”
(footnote: 11)  Under section 1.07(c) of the Texas Tax Code, there is a presumption of delivery when notice sent by first-class mail is deposited in the mail.
(footnote: 12)  This presumption is “rebuttable when evidence of failure to receive notice is provided.”
(footnote: 13)  Because the record from the administrative hearing reflects evidence of delivery of delinquent notices to Miller—a green card signed by Miller followed by multiple pages of delinquent statement notices and other correspondence for each year from 1994 through 2002—and there is no evidence that Miller failed to receive notice, the TABC is entitled to the presumption of delivery and thus presented substantial evidence of Miller’s delinquency.
(footnote: 14)  The trial court did not err by finding substantial evidence of Miller’s receipt of the delinquent notices.

Additionally, the delinquent notices along with Betsy Price’s affidavit also establish substantial evidence that Miller was placed on the delinquent tax roll as required.
(footnote: 15)  Consequently, the trial court did not err by finding substantial evidence of Miller’s placement on the delinquent tax roll.  We overrule Miller’s issues.

Having held that there is substantial evidence to support the TABC’s order, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  August 19, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Tex. Alcoholic Beverage Comm’n v. 
Twenty Wings
,
 Ltd.
, 
112 S.W.3d 647, 650 (Tex. App.—Fort Worth 2003, pet. denied); 
Tex. Alcoholic Beverage Comm’n v. Sanchez
, 96 S.W.3d 483, 489 (Tex. App.—Austin 2002, no pet.
).

3:
Tex. Alco. Bev. Code Ann
. § 11.67(b)
 (Vernon 1995)
; 
Twenty Wings
, 
112 S.W.3d at 650; 
Sanchez
, 96 S.W.3d at 489
.

4:
Tex. Gov’t Code Ann.
 § 2001.175(e) (Vernon 2000).

5:
Tex. Alcoholic Beverage Comm’n v. Sierra
, 784 S.W.2d 359, 360 (Tex. 1990); 
Twenty Wings
, 
112 S.W.3d at 650; 
Sanchez
, 96 S.W.3d at 489
.

6:
Tex. Health Facilities Comm'n v. Charter Medical-Dallas
,
 Inc.,
 665 S.W.2d 446, 452 (Tex. 1984); 
Twenty Wings
, 
112 S.W.3d at 651; 
Sanchez
, 96 S.W.3d at 489.

7:
Sierra
, 784 S.W.2d at 361; 
Twenty Wings
, 
112 S.W.3d at 651; 
Sanchez
, 96 S.W.3d at 489.

8:
See
 
Tex. Gov’t Code Ann.
 § 2001.175(e)
; 
see also 
Twenty Wings
, 
112 S.W.3d at 650–51.

9:
See 
Tex. Gov’t Code Ann.
 § 2001.175(e)
; 
Tex. R. App. P.
 33.1(a).

10:
Tex. Alco. Bev. Code Ann
. § 11.38(e) (Vernon Supp. 2004-05)
.

11:
Tex. Tax Code Ann.
 § 33.04 
(Vernon 2001)
.

12:
Id.
 § 1.07(c); 
Cooke County Tax Appraisal Dist. v. Teel
, 129 S.W.3d 724, 730 (Tex. App.—Fort Worth 2004, no pet.).

13:
Tex. Tax Code Ann.
 § 1.07(c); 
Teel
, 129 S.W.3d at 730.

14:
See
 
Tex. Tax Code Ann.
 § 1.07(c); 
see also Nussbaum v. City of Dallas
, 948 S.W.2d 305, 308 (Tex. App.—Dallas 1996, no writ) (holding that an agency order is presumed valid and legal, that is, the order is supported by substantial evidence, and the party challenging the order has the burden of proving otherwise).

15:
See
 
Tex. Tax Code Ann.
 § 33.03 (Vernon 2001).