

# NUMBER 13-14-00187-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MAJDEE MAJED NASSAR
D/B/A IN AND OUT,                                         Appellant,

v.

TEXAS ALCOHOLIC
BEVERAGE COMMISSION,                                     Appellee.

On appeal from the 172nd District Court
of Jefferson County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Rodriguez

This case is an appeal of an administrative decision to cancel a wine-only package store permit and an off-premise retailer's license for a business in Port Arthur, Texas.[1] By one issue, appellant Majdee Majed Nassar d/b/a In and Out (Nassar) contends that the trial court's determination that the permit and license for his business be cancelled was not supported by substantial evidence. We affirm.

## I. BACKGROUND

Nassar held a package store permit and retailer's license for the business known as the In and Out. On November 30, 2011, Nassar's brother, who was employed as a clerk at the In and Out, sold a Port Arthur Police Department informant a substance believed to be synthetic marijuana.[2] Shortly after the sale, Nassar's brother consented to a search of the premises by Port Arthur Police Department officers. During the search, the officers found 429 bags of a substance labeled "Space Cadet" tobacco above the ceiling tiles in Nassar's business office. The Jefferson County Crime Laboratory later identified the substance as MPPP, a penalty group 2 controlled narcotic.[3]

Following an administrative hearing, the Administrative Law Judge (ALJ) made and filed a proposal for decision containing findings of fact and conclusions of law. The ALJ recommended cancellation of Nassar's permit and license. Appellee, the Texas Alcoholic Beverage Commission (TABC), adopted the ALJ's findings and conclusions.

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. See TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2] At the substantial evidence hearing before the district court, Nassar's counsel referred to the substance as "Kush."

[3] It is the Administrative Law Judge's admission of the report from the Jefferson County Crime Laboratory that forms the basis of this appeal.

Following the TABC's cancellation of Nassar's permit and license, Nassar appealed to the Jefferson County District Court. The district court affirmed the TABC's administrative decision, and Nassar appealed to this Court.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Administrative decisions are reviewed de novo under the substantial evidence test. TEX. ALCO. BEV. CODE ANN. § 11.67(b) (West, Westlaw through 2013 3d C.S.); *Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam) (noting that an ALJ's findings are entitled to deference but that "whether there is substantial evidence to support an administrative decision is a question of law," and as such, neither a trial court nor an ALJ's determination of this issue is entitled to deference on appeal); *see Tex. Alco. Bev. Comm'n v. Sanchez,* 96 S.W.3d 483, 489 (Tex. App.—Austin 2002, no pet.). The appropriate test is whether the evidence as a whole is such that reasonable minds could have reached the same conclusion that the ALJ reached to support his decision. *Tex. Alco. Bev. Comm'n v. Sierra,* 784 S.W.2d 359, 360 (Tex. 1990) (per curiam). Substantial evidence need only be more than a scintilla. *Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984).

The Texas Alcoholic Beverage Code prohibits possession of a narcotic on licensed premises. TEX. ALCO. BEV. CODE ANN. § 104.01(9) (West, Westlaw through 2013 3d C.S.). TABC enforcement regulations define "narcotic" as any substance defined in section 481.002(5), (6), (7), or (26)[4] of the health and safety code (the Texas

---

[4] These subdivisions address, respectively, "controlled substance," "controlled substance analogue," "counterfeit substance" and "marihuana." TEX. HEALTH & SAFETY CODE ANN. § 481.002(5), (6), (7), (26) (West, Westlaw through 2013 3d C.S.).

3

Controlled Substances Act). 16 TEX. ADMIN. CODE § 35.41 (West 2014) (Tex. Alco. Bev. Comm'n Enforcement Terms Defined). TABC is authorized to suspend or cancel licenses for any violation of the alcoholic beverage code, including any narcotics violations on the licensed business premises. TEX. ALCO. BEV. CODE § 11.61(b)(2) (West, Westlaw through 2013 3d C.S.). A violation sufficient to trigger a license cancellation is, by statute, sufficient to trigger cancellation of a wine-only package store permit for the same business premises. *Id.* § 24.06 (West, Westlaw through 2013 3d C.S.). Nassar does not dispute the TABC's authority to cancel his wine-only package store permit and his beer retailer's off-premise license. Instead, he attacks the sufficiency of the evidence to support the decision to cancel his permit and license.

We review an ALJ's decision regarding the admissibility of evidence under an abuse of discretion standard. *Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 638 (Tex. 2009); *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 528 (Tex. 2000) (op. on reh'g). A trial court abuses its discretion only when its rulings are made without regard to guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 389 (Tex. 2004). An appellate court reviews an administrative agency's rulings regarding the admissibility of evidence under the same abuse of discretion standard that it applies to trial courts. *Sanchez v. Tex. State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 508 (Tex. App.—Austin 2007, no pet.).

Texas Rule of Evidence 803 provides, in relevant part, the following:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .

4

(6)    Records of Regularly Conducted Activity.   A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

. . . .

(8)    Public Records and Reports.   Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth:

(A) the activities of the office or agency;

(B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding in criminal cases matters observed by police officers and other law enforcement personnel; or

(C) in civil cases as to any party and in criminal cases as against the state, factual findings resulting from an investigation made pursuant to authority granted by law;

unless the sources of information or other circumstances indicate lack of trustworthiness. . . .

TEX. R. EVID. 803(6) & (8).   Rule 803(8) creates a presumption of admissibility and places the burden of demonstrating untrustworthiness on the party opposing admission. *Beavers v. Northrop Worldwide Aircraft Servs., Inc.*, 821 S.W.2d 669, 675 (Tex. App.— Amarillo 1991, writ denied).

5

### III. DISCUSSION

By his single issue on appeal, Nassar contends that there is no evidence that the substance obtained by law enforcement at his business was illegal or that it was a controlled substance in violation of the health and safety code and the alcoholic beverage code. He asserts that the ALJ improperly admitted the lab report from the Jefferson County Regional Crime Laboratory. Nassar claims that without this evidence— the only evidence admitted to establish the identity of the substance found by the officers—there is no evidence that the substance at issue was a penalty group 2 controlled substance, and the petition for enforcement against him should have been denied.

### A. Lab Report Properly Admitted

#### 1. Authentication if Admitted Under Texas Rule of Evidence 803(6)

Nassar first contends that the ALJ erred if it admitted the lab report under Texas Rule of Evidence 803(6) as a business record because the report was not authenticated.[5] *See* TEX. R. EVID. 803(6). The TABC asserts that the report was not offered under rule 803(6), but was offered and admitted as a public record under rule of evidence 803(8) as a public record, which has no separate authentication requirement for the document's admission. *See id.* at R. 803(8). Nonetheless, the document was supported by an affidavit from the chemist, also referred to as a

---

[5] Nassar also argues that nothing introduced by the TABC was filed with the Hearing Office fourteen days prior to the hearing in violation of Texas Rule of Evidence 902(10). *See* TEX. R. EVID. 902(10). Without more, specifically without record citations to facts regarding the filing of the report and Nassar's specific 902(10) objection and without citations to authority, we conclude that this argument is inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

forensic scientist, the lab technician, or the analyst, who performed the analysis.[6] The affidavit arguably complied with the provisions of rule of evidence 902(10). *See id.* at R. 902(10) (setting out the form of the affidavit to prove up business records). And the ALJ admitted the affidavit with the lab report. Without deciding whether the admission was proper under the business record exception, we conclude that the lab report was authenticated. So this argument fails.

### 2. Admission Under Texas Rule of Evidence 803(8)

Nassar next contends that if the ALJ admitted the lab report as a public record, it did so in error because a law enforcement agency created the report. Nassar posits that reports by law enforcers are less reliable than reports by other public officials because of law enforcers' adversarial relation to a defendant against whom the records are sought to be used. Yet neither the language of the rule nor case law interpreting it supports Nassar's position.

While rule 803(8) excludes public records from the hearsay rule, it does not exclude from the hearsay rule the following two categories of public documents: (1) "matters [in criminal cases] observed by police officers and other law enforcement personnel"; and (2) "factual findings resulting from an investigation made pursuant to

---

[6] The affidavit, titled "Certificate of Analysis" and officially certified by a notary under her seal, described the authorization of the Jefferson County Regional Crime Laboratory to conduct the analysis, the chemist's educational background, her training and experience, the custodial chain of the evidence, and the tests she performed on the evidence, the results of which she stated were indicated on the official lab report. *See* TEX. R. EVID. 902(10) (setting out the form of the affidavit to prove up business records); *see also* TEX. GOV'T CODE ANN. § 312.011(1) (West, Westlaw through 2013 3d C.S.) ("'Affidavit' means a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office."). The chemist signed and dated the affidavit. And the ALJ admitted the affidavit and lab report as TABC's Exhibit 6.

authority granted by law [in criminal cases as against the defendant and others but not the state]." *Id.* at R. 803(8)(B & C). In other words, these categories of public records remain hearsay in criminal cases, but not in civil cases. *See id.* And it is well-established that administrative proceedings are civil in nature. *Tex. Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558, 564 (Tex. 2012). In *Caruana*, the Texas Supreme Court clearly set out that

> [r]ule 803(8) excludes investigative reports when offered against the defendant in a criminal case, not because law enforcement officers are disinclined to be truthful, but because a criminal case pits law enforcement and defendants as adversaries, and conviction should not be based on an officer's testimony offered in absentia. ALR proceedings are civil, not criminal. Law enforcement investigation reports are commonly admitted in civil cases—car wrecks, for example.

*Id.* (holding that unsworn police reports are admissible in ALR hearings under rule 803(8)); *see Tex. Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796, 803–04 (Tex. App.—Corpus Christi 2002, pet. denied) (concluding that a peace officer's report is admissible as an exception to hearsay in an ALR hearing).

The decision of the ALJ, therefore, was consistent with established application of rule 803(8). Nassar did not meet his burden of showing that the public record bore an indicia of untrustworthiness. *See Beavers*, 821 S.W.2d at 675. Instead, rule 803(8) expressly allowed for the admission of the public agency's investigative factual findings in this civil case as to any party. *See* TEX. R. EVID. 803(8)(C) (providing that "in civil cases as to any party . . . , factual findings resulting from an investigation made pursuant to authority granted by law"). We are not persuaded by this argument.

8

### 3. No Right to Confront Chemist Who Prepared Admitted Lab Report

Finally, Nassar contends that the chemist's absence from the administrative hearing deprived him of the right of confrontation.[7]  However, by its express terms, the Sixth Amendment right to confrontation applies to criminal actions, not civil actions.  U.S. CONST. amend. VI ("*In all criminal prosecutions*, the accused shall enjoy the right . . . to be confronted with the witnesses against him") (emphasis added); *see* TEX. CONST. art. I, § 10 ("*In all criminal prosecutions* the accused . . . shall be confronted by the witnesses against him. . . .") (emphasis added).  Application of the Sixth Amendment invariably arises in the context of evidentiary rulings in criminal cases. *See, e.g., Melendez-Diaz v. Mass.*, 557 U.S. 305, 309–11 (2009); *Crawford v. Wash.*, 541 U.S. 36, 50–51 (2004).  Because the license revocation proceeding Nassar challenges is civil rather than criminal in nature, *see Caruana*, 363 S.W.3d at 564, Nassar enjoyed no Sixth Amendment right to confront witnesses in this administrative proceeding, and this argument is meritless.

### 4. Admission of the Lab Report Was Not an Abuse of Discretion

Based on the above, we conclude that the ALJ did not abuse its discretion when it admitted the lab report as a public record.  *See Camacho*, 298 S.W.3d at 638; *Allen*,

---

[7] Nassar also generally sets out that "[t]he Lab Technician was both properly and timely subpoenaed by the [TABC].  She refused to come to the Hearing.  The Lab Report along with the Affidavit were introduced and accepted without a Supporting Witness to introduce it with."  As record support for this statement, Nassar refers us to an argument made by his counsel to the district court.  Nassar provides no additional citations to the record, and we find none.  To the extent this argument could be construed as a due-process complaint that Nassar was denied the right to confront and the right to cross-examination an adverse witness, we conclude that it is inadequately briefed.  *See* TEX. R. APP. P. 38.1(i).

15 S.W.3d at 528; *Sanchez*, 229 S.W.3d at 508. It made its rulings with regard to guiding rules or principles and properly admitted the lab report. *See Cire*, 134 S.W.3d at 389.

**B.    Substantial Evidence Supports Cancellation**

Having concluded the ALJ properly admitted the lab report, we further conclude that, based on our de novo review, *see* TEX. ALCO. BEV. CODE ANN. § 11.67(b); *Alford*, 209 S.W.3d at 103, the report provided substantial evidence—more than a scintilla—to support the TABC's decision to cancel Nassar's wine-only package store permit and off-premise beer retailer's license for the In and Out in Port Arthur, Texas, and the district court's order affirming the TABC's decision. *See Tex. Health Facilities Comm'n*, 665 S.W.2d at 452. Reasonable minds could have reached the same conclusion. *See Sierra*, 784 S.W.2d at 360. We overrule Nassar's sole issue on appeal.

## IV.    CONCLUSION

We affirm the trial court's order affirming the Texas Alcoholic Beverage Commission's administrative order.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 20th
day of November, 2014.

10