**Opinion issued March 12, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00058-CV

————————————

**JOE KENNY, Appellant**

**V.**

**PORTFOLIO RECOVERY ASSOCIATES, LLC, Appellee**

---

**On Appeal from County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1023048**

---

## O P I N I O N

Portfolio Recovery Associates, LLC sued Joe Kenny for debt owed on a credit card account originally issued by HSBC Bank Nevada, N.A. Following a trial, the trial court issued a judgment against Kenny and in favor of Portfolio Recovery. In five issues on appeal, Kenny argues (1) the evidence is legally

insufficient to support the judgment, (2) certain findings of fact and conclusions of law are unsupported by the record, (3) the trial court abused its discretion by admitting a business-records affidavit that contained assertions beyond the statutory requirements and that was not served in accordance with the rules, and (4) the trial court erred by considering documents that were not offered or admitted at trial.

We reverse and render.

## Background

Portfolio Recovery sued Kenny for debt allegedly owed on a credit card account originally issued by HSBC Bank Nevada. Over four months before trial, Portfolio Recovery filed a notice of filing business records. The trial consisted only of Portfolio Recovery's offering four exhibits into the record, Kenny's presenting various objections to the exhibits, and the trial court's admitting all four exhibits.

All four exhibits were included in the business records filing. One of the exhibits was the affidavit of Meryl Dreano, a custodian of records for Portfolio Recovery. Dreano asserted in the affidavit that the other documents were kept in the regular course of Portfolio Recovery's business. Dreano also asserted that Portfolio Recovery "is the assignee of HSBC Bank Nevada, N.A./GM and is the current owner of the account of JOE KENNY ('Defendant'), account number

ending in 9702 (the 'Account')." Kenny objected to the affidavit, arguing, among other things, that this assertion of assignment was not necessary to authenticate the other documents as business records and was, therefore, inadmissible hearsay.

All parties acknowledged at trial that the exhibits offered by Portfolio Recovery did not identify any account held by Kenny being specifically assigned to Portfolio Recovery. Instead, the exhibits only established that some accounts had been assigned from HSBC Bank Nevada to Portfolio Recovery, without identifying which accounts had been assigned. At trial, the trial court requested briefing from the parties on whether the lack of a specific reference to an account number in the documents showing an assignment would prevent recovery.

After signing the judgment, the trial court made findings of fact and conclusions of law. Two of its findings were

> 1)      After all parties had rested and the Court ordered briefing on the issue of whether or not it was necessary for an assignment to include an account number, the Court reviewed the Clerk's File[,] and Page 5 of the Notice of Filing Business Records, . . .[established] that the account No. –9702 was part of the Sale of Accounts from HSBC Bank Nevada, N.A. to Portfolio Recovery Associates, LLC, and in consideration of all evidence admitted in the trial, the Court concluded that an assignment existed, without reaching a decision on the issue of whether or not it was necessary for an assignment to include an account number.

> 2)      Page 5 of the Notice of Filing of Business Records was not admitted into evidence before the parties rested.

## Legal Sufficiency

In his fifth issue, Kenny argues the evidence is legally insufficient to establish HSBC Bank Nevada assigned Kenny's account to Portfolio Recovery.

### A.      Standard of Review

In an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Nguyen v. Yovan*, 317 S.W.3d 261, 269–70 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). We review a trial court's findings of fact under the same legal sufficiency of the evidence standards used when determining whether sufficient evidence exists to support an answer to a jury question. *Catalina*, 881 S.W.2d at 297; *Nguyen*, 317 S.W.3d at 270. In a bench trial, we presume that the trial court, "sitting as the fact finder, disregarded any improperly admitted evidence." *Sw. Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 498 (Tex. App.—Houston [1st Dist.] 1992, writ denied); *Tex. Alcoholic Beverage Comm'n v. Sanchez*, 96 S.W.3d 483, 488 (Tex. App.—Austin 2002, no pet.).

In conducting a legal sufficiency review, we credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *Id.* at 822. We will sustain a no-

evidence point only if (1) the record reveals a complete absence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998)).

An appellant may not challenge a trial court's conclusions of law for factual sufficiency, but we may review the legal conclusions drawn from the facts to determine their correctness. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). In an appeal from a bench trial, we review the conclusions of law de novo and will uphold them if the judgment can be sustained on any legal theory supported by the evidence. *Id.* "If the reviewing court determines a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal." *Id.*

## B.    Analysis

Portfolio Recovery identifies the claims that it asserted against Kenny as breach of contract, account stated, and open account. Each of these causes of

action necessarily required Portfolio Recovery to establish that Kenny had an obligation—in this case, the obligation to pay a debt—specifically to Portfolio Recovery. *See Winchek v. Am. Express Travel Related Services Co., Inc.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (requiring, for breach of contract claim, proof of agreement between parties to suit of terms of contract); *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (requiring, for account stated claim, proof of transaction between parties to suit giving rise of indebtedness from one party to other party); *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 408 (Tex. App.—El Paso 2009, no pet.) (requiring, for open account claim, proof of transaction between parties to suit creating creditor-debtor relationship).

It is undisputed that, through his use of the credit card at issue, Kenny created an obligation to repay the debt to HSBC Bank Nevada. Kenny asserts, however, that there is no proof in the record that this obligation to pay the debt has been transferred to Portfolio Recovery. Based on this, Kenny argues that Portfolio Recovery failed to establish at least one element for all of its claims and that, accordingly, we must reverse the trial court's judgment in Portfolio Recovery's favor. We agree.

One potential source for establishing that Kenny's account was assigned to Portfolio Recovery is the affidavit of Dreano, a custodian of records for Portfolio

6

Recovery. Dreano asserted in the affidavit that Portfolio Recovery "is the assignee of HSBC Bank Nevada, N.A./GM and is the current owner of the account of JOE KENNY ('Defendant'), account number ending in 9702 (the 'Account')."

Unless specifically permitted by statute or rule, affidavits do not constitute evidence at trial. *Ortega v. Cach, LLC*, 396 S.W.3d 622, 630 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Dreano's affidavit was offered to authenticate business records, however. Business records can be authenticated by an affidavit offered at trial. *See* TEX. R. EVID. 803(6), 902(10). "[W]hen an ex parte affidavit presents evidence beyond the simple authentication requirements of rule 902," however, "the extraneous portions of the affidavit constitute inadmissible hearsay." *Ortega*, 396 S.W.3d at 630.

Dreano's assertions regarding assignment of Kenny's account to Portfolio Associates was not relevant to establishing documents as business records. *See* TEX. R. EVID. 803(6), 902(10). Accordingly, this representation went beyond the authentication requirements and constitutes hearsay. Kenny objected to this portion of the affidavit on the basis that it constituted hearsay. *See* TEX. R. EVID. 103(a) (requiring objection to inadmissible evidence before inadmissibility can be basis for error); TEX. R. APP. P. 33.1(a) (same). Because this was a bench trial, we presume the trial court disregarded the inadmissible portion of the business record affidavit. *Sw. Bell Media*, 825 S.W.2d at 498; *Sanchez*, 96 S.W.3d at 488.

7

Accordingly, this portion of the affidavit cannot be a basis for finding the evidence legally sufficient to show Kenny's account was assigned to Portfolio Recovery.

One of the exhibits offered and admitted into evidence was an "Assignment and Bill of Sale" from HSBC Bank Nevada to Portfolio Recovery. This assignment assigned the rights to certain accounts from HSBC Bank Nevada to Portfolio Recovery. The assignment does not identify which accounts were transferred, however. Instead, the assignment identifies another document that contains the information. That document is not a part of the record. Accordingly, the assignment cannot be a basis for finding the evidence legally sufficient to show Kenny's account was assigned to Portfolio Recovery.

Finally, in its findings of fact, the trial court asserted that it had reviewed documents filed in that case and found a document that it believed established an assignment from HSBC Bank Nevada to Portfolio Recovery. The trial court acknowledged in another finding that the additional document had not been offered or admitted into evidence. The trial court did not identify the authority it was relying on to consider facts outside the evidence presented at trial, and we have found no authority permitting the document's consideration.

The trial court is permitted to take judicial notice of adjudicative facts. *See* TEX. R. EVID. 201(c). The facts it may judicially notice, however, are facts that are "either (1) generally known within the territorial jurisdiction of the trial court or (2)

8

capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." TEX. R. EVID. 201(b). It cannot be said that any document found in the trial court's records "cannot reasonably be questioned." Accordingly, while the trial court can take judicial notice of the *existence* of certain documents in its records, it "may not take judicial notice of the *truth* of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file." *Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.— Houston [14th Dist.] 2011, no pet.).

"When evidence is the subject of improper judicial notice, it amounts to no evidence." *Id.* Accordingly, the extrinsic document cannot be part of our review for legal sufficiency of the evidence. *See id.*; *City of Keller*, 168 S.W.3d at 827 (holding legal sufficiency challenge sustained when trial court is barred by rules of law or of evidence from giving weight to only evidence offered to prove vital fact).

No other evidence in the record establishes that Kenny is obligated to pay a debt to Portfolio Recovery. Accordingly, we sustain Kenny's fifth issue.[1]

---

[1] Because Kenny's remaining issues cannot provide him greater relief, we do not need to reach them. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the judgment of the trial court and render a take-nothing judgment against Portfolio Recovery.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Huddle.