**AFFIRMED; Opinion Filed April 2, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00197-CV

## MEI INVESTMENTS, L.P., Appellant
## V.
## DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, AND PARKLAND HOSPITAL DISTRICT, Appellees

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. TX-15-02015**

## MEMORANDUM OPINION
Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

MEI Investments, L.P. appeals an adverse judgment for delinquent business personal property taxes. In five issues on appeal, MEI contends (1) the trial court erred by admitting an affidavit of MEI's principal into evidence and by applying the presumption in Texas Property Tax Code section 33.47(a) against MEI, and (2) the evidence is legally and factually insufficient to support the trial court's judgment. We affirm.

### I. FACTUAL AND PROCEDURAL CONTEXT

Appellees, the Taxing Authorities, filed this lawsuit in October 2015 against "Public Auto Sales, Inc. D/B/A Public Autos, Ltd., A/K/A Public Auto Sales," seeking to recover delinquent 2014 taxes due on business personal property. They attached a "delinquent tax statement," bearing

the heading "Public Auto Sales Inc, 925 S Buckner Blvd, Dallas, TX 75217-4506" and listing

taxes on "Personal Property Public Autos Ltd 925 S. Buckner Blvd."

In June 2017, the Taxing Authorities filed a first amended petition adding MEI as a

defendant and asserting an additional claim for unpaid 2015 taxes on the same property. MEI filed

a general denial answer and a motion for summary judgment, which the court denied. The evidence

attached to MEI's summary judgment motion included an affidavit of Hussein K. Mahrouq, the

"managing member of the general partner of MEI." In his affidavit, Mahrouq stated in part:

> 3. I was familiar with an automobile business which had existed for many years in Dallas known as Public Auto Sales ("Public Auto"). . . .
> . . . .
> 7. MEI purchased the following assets of Public Auto:
>
>> a. Real property with the address of 908 S. Buckner Blvd, Dallas, Texas. A true and correct copy of the February 3, 2015 contract for this property is attached hereto as Exhibit "1."
>>
>> b. Real property with the address of 905, 915 and 925 S. Buckner Blvd, Dallas, Texas, as well as certain machinery, office equipment and service vehicles described on Exhibit D to the contract and intellectual property rights described on an Addendum to the contract. A true and correct copy of the March 25, 2015 contract for this property is attached hereto as Exhibit "2."

The contract attached to Mahrouq's affidavit as an exhibit described the seller as "Public

Autos Sales Ltd." at "925 S. Buckner Blvd., Dallas, Texas 75217." The "Addendum" to that

contract stated in part:

> Property address or description: 905, 915, 925, S. BUCKNER BLVD., DALLAS, TX 75217
>
> ---
>
> Seller has been operating an automobile sales and financing enterprise ("the Business") on the premises the subject of this Commercial Contract of Sale. In conjunction herewith, and as an integral part hereof, the following assets of the Business are included in the contemplated purchase and shall be conveyed by Seller to Purchaser at closing:
> A. All right, title and interest in and to the goodwill of the Business.
> B. All data and information used in operating the Business . . . .
> C. All intellectual property of the Business, specifically including any rights in and to any trade name or trademark used in the Business (including the names "Public

Auto Sales," "Public Warranty," "Deals and Wheels Motor Company" and any derivations of, or names similar to, the foregoing and any marks associated with the foregoing).

D. To the extent assignable, all right, title and interest of the Seller in and to the following assets (if any) of the Business:

(1) Agreements and contracts with customers of the Business.

. . . .

(6) Business email and Internet address(es).

(7) Credit card agreements.

(8) Assumed name(s).

(9) Advertising contracts.

E. All personal property used in the Business including furnisher [sic], furnishings, office equipment, computers, telephones, office supplies, machinery, tools, equipment and specifically including, but not limited to, those properties, items, and assets listed on Exhibit D, attached . . . .

At trial, the Taxing Authorities offered Mahrouq's affidavit and its attachments into evidence. MEI objected on the ground that "except in those instances specified by statute or rule, affidavits are not evidence in contested matters." The Taxing Authorities responded (1) "that objection is a hearsay objection" and (2) the affidavit falls within hearsay rule exceptions for "an opposing party's statement" and "statements in documents that affect an interest in property." The trial court overruled MEI's objection and admitted the affidavit and its attachments into evidence.

Also, the Taxing Authorities introduced the following documents into evidence without objection:

1. a January 22, 2018 certified tax statement showing $94,767.62 in taxes due on "Personal Property Public Autos Ltd" for tax years 2014–2015 and stating "Certified Owner: Public Auto Sales Inc . . . 925 S Buckner Blvd" and "Parcel Address: 925 S BUCKNER BLVD, DA";

2. an assumed name certificate for "Public Autos, Ltd," with an address of "925 S. Buckner Dallas TX 75217," doing business as "Public Auto Sales";

3. an assumed name certificate for "Public Auto Sales Inc," with an address of "925 S. Buckner Blvd Dallas Texas 75217," doing business as "Public Auto Sales";

4. Public Auto Sales, Inc. records filed with the Office of the Secretary of State of Texas, including an assumed name certificate for "Public Auto Sales, Inc." doing business as "Public Autos, LTD" at "925 S BUCKNER, Dallas, TX 75217";

5. Public Autos, Ltd. records filed with the Office of the Secretary of State of Texas showing an address of "925 S. BUCKNER, DALLAS, TX 75217"; and

6. certified copies of 2014–2015 Dallas Central Appraisal District records for "Public Autos, Ltd" doing business as "Public Auto Sales" and "Public Auto Sales Inc" doing business as "Public Autos Ltd" at "925 S. Buckner Blvd Dallas TX 75217."

The trial court rendered judgment against both MEI and "Public Auto Sales, Inc. D/B/A Public Autos, Ltd.," awarding the Taxing Authorities $94,767.62 plus penalties, interest, attorney's fees, and costs. MEI timely appealed.

## II. ADMISSIBILITY OF AFFIDAVIT

We review a trial court's evidentiary rulings under an abuse of discretion standard. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). A trial court abuses its discretion when it acts without regard for guiding rules or principles. *Id.* An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. Relevant evidence is admissible unless any of the following provides otherwise: (1) the United States or Texas Constitution, (2) a statute, (3) the Texas Rules of Evidence, or (4) other rules prescribed under statutory authority. TEX. R. EVID. 402.

Hearsay is a statement, other than one made by the declarant while testifying at the current trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d).

Hearsay is not admissible except as provided by statute, the rules of evidence, or other rules prescribed under statutory authority. TEX. R. EVID. 802. A statement is not hearsay when it "is offered against an opposing party" and "was made by a person whom the party authorized to make a statement on the subject." TEX. R. EVID. 801(e)(2).

In its first issue, MEI contends the trial court erred by admitting Mahrouq's affidavit into evidence over MEI's objection. "Affidavits ordinarily are written and executed outside a trial or hearing and therefore are considered hearsay to the extent that they are offered to prove the truth of a matter asserted." *One 2006 Harley Davidson Motorcycle v. State*, No. 02-16-00450-CV, 2017 WL 4819430, at *3 (Tex. App.—Fort Worth Oct. 26, 2017, no pet.) (mem. op.). MEI "agrees that the affidavit is a statement of a party opponent and thus not hearsay under TRE 801(e)(2)."

"Generally, unless offered under an applicable exception to the hearsay rule, an affidavit is inadmissible hearsay and constitutes no evidence." *Benchmark Ins. Co. v. Sullivan*, No. 12-07-00223-CV, 2009 WL 1153385, at *3 (Tex. App.—Tyler Apr. 30, 2009, no pet.) (mem. op.) (citing *Anthony Pools v. Charles & David, Inc*., 797 S.W.2d 666, 676 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (affidavit constituted "out of court statement which is hearsay if offered to prove the truth of the matter asserted therein" and therefore was not admissible where it did not fall under any hearsay exception)). But, according to MEI, an affidavit is "not admissible in an actual trial," even if it does not constitute hearsay. In support of that position, MEI cites two cases: *Kenny v. Portfolio Recovery Associates, LLC*, 464 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2015, no pet.), and *Ortega v. Cach, LLC*, 396 S.W.3d 622, 630 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Unlike the case before us, neither of those cases involved an affidavit that the parties agreed was not hearsay. Further, those cases do not completely bar using affidavits at trial, but rather recognize an exception in instances specified by "statute or rule." *See Kenny*, 464 S.W.3d at 33 ("Unless specifically permitted by statute or rule, affidavits do not constitute evidence at trial.");

*Ortega*, 396 S.W.3d at 630 ("Except in those instances specified by statute or rule, affidavits are not evidence in contested cases.").

Here, the Taxing Authorities offered Mahrouq's affidavit under an applicable rule of evidence—rule 801(e)(2)—and thus, the trial court did not abuse its discretion by admitting the affidavit into evidence. *See Kenny*, 464 S.W.3d at 33; *Ortega*, 396 S.W.3d at 630; *Benchmark*, 2009 WL 1153385, at *3; *see also* TEX. R. EVID. 402 (relevant evidence is admissible unless otherwise provided by constitution, statute, or rule).

### III. SUFFICIENCY OF THE EVIDENCE

A party challenging the legal sufficiency of the evidence to support an adverse finding on which it did not have the burden of proof at trial must demonstrate there is no evidence to support the adverse finding. *Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.). When reviewing for legal sufficiency, we consider the evidence in the light most favorable to the nonmovant, crediting evidence a reasonable fact-finder could credit and disregarding contrary evidence and inferences unless a reasonable fact-finder could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). We will uphold the finding if more than a scintilla of competent evidence supports it. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) ("The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review.").

Property taxes are the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is imposed. TEX. TAX CODE ANN. § 32.07(a). "This is true regardless of whether that person's name is listed on the appraisal roll or tax bill." *Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 43 (Tex. 2018). "In other words, ownership gives rise to tax liability, and the appraisal roll and tax roll merely reflect such

ownership—they do not establish ownership or create tax liability." *Id*. at 44. "Simply put, tax liability exists independently of the appraisal roll or tax bill." *Id*. at 45.

"[A] person who purchases a business, an interest in a business, or the inventory of a business from a person who is liable under [the property tax code] for the payment of taxes imposed on personal property used in the operation of that business" must "withhold from the purchase price an amount sufficient to pay all of the taxes imposed on the personal property of the business, plus any penalties and interest incurred." TAX CODE § 31.081(a)–(b). A purchaser who fails to withhold the required amount "is liable for that amount to the applicable taxing units to the extent of the value of the purchase price." *Id*. § 31.081(c). "[A] person is considered to have purchased a business if the person purchases the name of the business or the goodwill associated with the business." *Id*. § 31.081(g)(1).

In its third, fourth, and fifth issues, MEI complains the evidence is legally insufficient[1] to support findings that (1) MEI "bought the business of Public Auto Sales, Inc."; (2) the property in question "was owned by the entity with whom MEI contracted"; and (3) the property in question "was used in the operation of the business of the entity with whom MEI contracted." According to MEI, (1) "Public Auto Sales, Ltd., Public Auto Sales, Inc. and Public Auto, Ltd. are . . . to be treated as separate and distinct entities—even if they have common ownership and operate out of the same address"; (2) MEI "could only be liable for personal property taxes of Public Auto Sales, Ltd., the entity with which it contracted"; and (3) the Taxing Authorities "presented no evidence which would establish liability against MEI for taxes owing by Public Auto Sales, Inc." Additionally, in its second issue, MEI contends the trial court erred by allowing the Taxing Authorities to rely on the "presumptions" under tax code section 33.47 to "assess liability under

---

[1] Although MEI frames those three issues as challenges to both the legal and factual sufficiency of the evidence, it provides no argument or analysis respecting factual insufficiency. Therefore, MEI has waived its factual sufficiency challenge. *See* TEX. R. APP. P. 38.1(i); *see also Archer v. DDK Holdings LLC*, 463 S.W.3d 597, 603 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We address only legal sufficiency.

§ 31.081, without evidence, against one who did not purchase a business from the entity liable for the taxes."[2] We address these four issues together.

Although the contract attached to Mahrouq's affidavit describes the seller as "Public Autos Sales Ltd.," Mahrouq testified in his affidavit that, pursuant to that contract, MEI purchased property of "Public Auto Sales" at 925 South Buckner Boulevard. The Addendum stated the property MEI purchased (1) included "[a]ll right, title and interest in and to the goodwill of the business" and (2) was "used in the Business" that "Seller has been operating." Additionally, the evidence shows that an entity doing business under multiple names, including "Public Auto Sales," "Public Auto Sales, Inc.," and "Public Autos, Ltd.," was located at 925 South Buckner Boulevard in Dallas and owed the taxes in question.

On this record, we conclude the evidence is legally sufficient to support a finding that MEI "purchase[d] a business, an interest in a business, or inventory of a business from a person who is liable under [the property tax code] for the payment of taxes imposed on personal property used in the operation of that business." *Id.* § 31.081(a), (g)(1) ("[A] person is considered to have purchased a business if the person purchases the name of the business or the goodwill associated with the business."); *see also Sebastian Cotton & Grain*, 555 S.W.3d at 44 ("ownership gives rise to tax liability, and the appraisal roll and tax roll merely reflect such ownership—they do not establish ownership or create tax liability"). Because MEI did not withhold the required amount from the purchase price pursuant to section 31.081(b), it became "liable for that amount to the applicable taxing units to the extent of the value of the purchase price."[3] *See* TAX CODE

---

[2] Section 33.47(a) states, "In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts." MEI asserts it "has not challenged the amount of taxes, penalties and interest owed by Public Auto Sales, Inc.; nor has [it] disputed whether the Taxing Authorities complied with the requirements of the law in assessing the tax."

[3] MEI does not contend, and the record does not show, that the amount the trial court awarded in the judgment exceeded the purchase price.

§ 31.081(c). Further, because our conclusion that the evidence is legally sufficient to support MEI's liability was not based on section 33.47's presumptions, we need not address MEI's contention that the Taxing Authorities improperly relied on those presumptions to establish liability. *See Felt v. Harris Cty.*, No. 14-12-00327-CV, 2013 WL 1738604, at *3 (Tex. App.—Houston [14th Dist.] Apr. 23, 2013, no pet.) (mem. op.) (taxing authorities' alleged improper reliance on section 33.47 presumption to show liability was immaterial where record contained other competent, unrebutted evidence supporting liability).

## IV. CONCLUSION

We decide against MEI on its five issues and affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

180197F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MEI INVESTMENTS, L.P., Appellant

No. 05-18-00197-CV          V.

DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, AND PARKLAND HOSPITAL DISTRICT, Appellees

On Appeal from the 162nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. TX-15-02015.
Opinion delivered by Justice Carlyle, Justices Bridges and Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, AND PARKLAND HOSPITAL DISTRICT recover their costs of this appeal from appellant MEI INVESTMENTS, L.P.

Judgment entered this 2nd day of April, 2019.