**AFFIRMED; Opinion Filed April 2, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00217-CV

**MEI INVESTMENTS, L.P., Appellant**
**V.**
**DALLAS COUNTY, CITY OF SEAGOVILLE, DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, AND PARKLAND HOSPITAL DISTRICT, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. TX-15-02041**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

MEI Investments, L.P. appeals the trial court's judgment in favor of various taxing entities. The appeal involves facts and legal issues related to those in *MEI Investments, L.P. v. Dallas Cty., et al.*, No. 05-18-00197-CV (Tex. App.—Dallas April 2, 2019, no pet. h.) also decided today. In five issues, appellant generally contends (1) the trial court erred in admitting the affidavit of its principal into evidence, (2) the presumption under section 33.47(a) of the Texas Property Tax Code cannot be applied to it, and (3) the evidence is legally and factually insufficient to support the trial court's judgment. For the reasons set forth below and expressed in *MEI Investments,* we affirm the trial court's judgment.

## BACKGROUND

Dallas County, City of Seagoville, Dallas Independent School District, Dallas County Community College District, Dallas County School Equalization Fund, and Parkland Hospital District filed suit against Public Autos, Ltd. d/b/a Public Auto Sales (Public Autos) for delinquent ad valorem property taxes for tax year 2014 and subsequent years which might later become due. Attached to the petition as Exhibit "A" was a delinquent tax statement with the heading "George Carol E, 908 S. Buckner Blvd, Dallas, TX 75217-4505" and listing taxes on "Personal Property Public Auto Sales, 1105 N. U.S. Hwy 175."

In their second amended petition, the taxing entities added appellant as a defendant in the lawsuit. According to Public Autos' pleadings, appellant purchased Public Autos' property "including personal property that is the subject of the taxes in this lawsuit." Appellant filed a general denial answer and a motion for summary judgment, which the court denied. At the bench trial on their claims, the taxing entities presented no live witness testimony and instead relied on certified copies of delinquent property tax statements, assumed name certificates and other public documents pertaining to Public Autos, an affidavit of appellant's principal, Hussein K. Mahrouq, as well as the official records of the Dallas Central Appraisal District.[1] Appellant did not present any evidence on its behalf. At the conclusion of the trial, the trial judge rendered judgment against both Public Autos and appellant for $18,591.43 together with applicable penalties and interest.[2] This appeal ensued.

---

[1] This case and *MEI Investments* were tried together on January 23, 2018.

[2] The judgment states Public Autos filed an answer to the petition and was duly notified of trial, but failed to appear in court.

–2–

## A. Admissibility of Affidavit

In its first issue, appellant challenges the trial court's admission of the affidavit of its principal, Hussein K. Mahrouq.  The taxing entities offered Mahrouq's affidavit and attachments to support their claim that appellant purchased the personal property on which the tax liability in this case was based.  Appellant first submitted Mahrouq's affidavit to the Court in support of its own summary judgment motion.  At trial, however, appellant objected to the affidavit on the grounds that affidavits are not allowed as evidence in contested proceedings unless permitted by statute or rule.  The trial court overruled the objection and admitted the affidavit and attachments into evidence.

In relevant part, the Mahrouq affidavit stated:

3. I was familiar with an automobile business which had existed for many years in Dallas known as Public Auto Sales ("Public Auto"). . . .
. . . .
7. MEI purchased the following assets of Public Auto:

a. Real property with the address of 908 S. Buckner Blvd, Dallas, Texas. A true and correct copy of the February 3, 2015 contract for this property is attached hereto as Exhibit "1."

b. Real property with the address of 905, 915 and 925 S. Buckner Blvd, Dallas, Texas, as well as certain machinery, office equipment and service vehicles described on Exhibit D to the contract and intellectual property rights described on an Addendum to the contract. A true and correct copy of the March 25, 2015 contract for this property is attached hereto as Exhibit "2."

The contract attached to Mahrouq's affidavit as an exhibit described the seller as "Public Autos Sales Ltd." With an address of "925 S. Buckner Blvd., Dallas, Texas 75217."  The "Addendum" to that contract included a property address or description of 905, 915, 925 S. BUCKNER BLVD., DALLAS, TX 75217 as well as the following provisions:

Seller has been operating an automobile sales and financing enterprise ("the Business") on the premises the subject of this Commercial Contract of Sale. In

conjunction herewith, and as an integral part hereof, the following assets of the Business are included in the contemplated purchase and shall be conveyed by Seller to Purchaser at closing:

A. All right, title and interest in and to the goodwill of the Business.

B. All data and information used in operating the Business . . . .

C. All intellectual property of the Business, specifically including any rights in and to any trade name or trademark used in the Business (including the names "Public Auto Sales," "Public Warranty," "Deals and Wheels Motor Company" and any derivations of, or names similar to, the foregoing and any marks associated with the foregoing).

D. To the extent assignable, all right, title and interest of the Seller in and to the following assets (if any) of the Business:

(1) Agreements and contracts with customers of the Business.

. . . .

(6) Business email and Internet address(es).

(7) Credit card agreements.

(8) Assumed name(s).

(9) Advertising contracts.

E. All personal property used in the Business including furnisher [sic], furnishings, office equipment, computers, telephones, office supplies, machinery, tools, equipment and specifically including, but not limited to, those properties, items, and assets listed on Exhibit D, attached . . . .

We review a challenge to the admissibility of evidence for an abuse of discretion. *Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 638 (Tex. 2009). We will uphold the trial court's ruling if there is any legitimate basis for it. *See Owens-Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). As we explained in *MEI Investments*, the taxing entities offered Mahrouq's affidavit under rule 801(e)(2) and appellant agrees the affidavit is a statement of a party opponent and therefore not hearsay under rule 801(e)(2) of the Texas Rules of Evidence. *See MEI Investments*, No. 05-00197-CV, slip op. at 5–6. Consequently, the trial court did not abuse its discretion by admitting the affidavit into evidence. *See id.*

In reaching our conclusion, we are not persuaded by appellant's argument that the affidavit is inadmissible at trial even if it does not constitute hearsay. To support its position, appellant relies on *Kenny v. Portfolio Recovery Associates, LLC*, 464 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2015, no pet.), and *Ortega v. Cach, LLC*, 396 S.W.3d 622, 630 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Neither of these cases involved an affidavit that the parties agreed was

–4–

not hearsay, nor does either stand for the broad proposition that affidavits cannot be admitted as evidence at trial. *See MEI Investments*, No. 05-00197-CV, slip op. at 5–6. Accordingly, we resolve appellant's first issue against it.

## B. Sufficiency of the evidence

In its third and fourth issues, appellant contends that the evidence was legally and factually insufficient to establish either the taxed property was owned by, or the taxes were owed by, the entity with which appellant contracted. In its fifth issue, appellant asserts the evidence did not support a finding that the taxed property was used in the operation of the business of the entity with which appellant contracted.[3] In its related second issue, appellant complains the trial court erred in allowing the taxing entities to rely on the presumptions in section 33.47 of the tax code to impose liability against it under tax code section 31.081.[4]

Where, as here, the trial court did not issue findings of fact and none were requested, we imply all necessary facts supporting the judgment that are supported by the evidence. *See Shields Ltd. P'ship v. Bradberry,* 526 S.W.3d 471, 480 (Tex. 2017). When a reporter's record is filed on appeal, these implied findings may be challenged for legal sufficiency. *Id*. We review the implied findings using the same sufficiency standards applicable to jury verdicts. *Id*.

In analyzing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, crediting evidence favoring the finding if reasonable factfinders could and

---

[3] Although appellant purports to challenge both legal and factual sufficiency of the evidence, it provides no argument or analysis with respect to its factual sufficiency challenge. Accordingly, appellant has waived its factual sufficiency challenge. *See* TEX. R. APP. P. 38.1(i); *see also Archer v. DDK Holdings LLC*, 463 S.W.3d 597, 603 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We therefore address only legal sufficiency.

[4] Section 33.47(a) states, "In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts." Appellant has not challenged the amount of taxes, penalties and interest owed by Public Auto Sales, Inc.; nor has it disputed whether the taxing entities complied with the requirements of the law in assessing the tax.

disregarding contrary evidence unless reasonable factfinders could not. *See Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 770 (Tex. 2010) (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 822, 827 (Tex. 2005)). We will uphold the finding if more than a scintilla of competent evidence supports it. *Haggar Clothing Co. v. Hernandez,* 164 S.W.3d 386, 388 (Tex. 2005) (per curiam); *see also City of Keller,* 168 S.W.3d at 810. The final test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller,* 168 S.W.3d at 827. When conducting our legal sufficiency review, we are mindful that the factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *See id.* at 819. We may not substitute our judgment for that of the factfinder. *See Windrum v. Kareh*, No. 17-0328, 2019 WL 321925, at *5, *13 (Tex. Jan. 25, 2019).

As we stated in *MEI Investments*:

> Property taxes are the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is imposed. TEX. TAX CODE ANN. § 32.07(a). "This is true regardless of whether that person's name is listed on the appraisal roll or tax bill." *Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 43 (Tex. 2018). "In other words, ownership gives rise to tax liability, and the appraisal roll and tax roll merely reflect such ownership— they do not establish ownership or create tax liability." *Id.* at 44. "Simply put, tax liability exists independently of the appraisal roll or tax bill." *Id.* at 45.

> "[A] person who purchases a business, an interest in a business, or the inventory of a business from a person who is liable under [the property tax code] for the payment of taxes imposed on personal property used in the operation of that business" must "withhold from the purchase price an amount sufficient to pay all of the taxes imposed on the personal property of the business, plus any penalties and interest incurred." TAX CODE § 31.081(a)–(b). A purchaser who fails to withhold the required amount "is liable for that amount to the applicable taxing units to the extent of the value of the purchase price." *Id.* § 31.081(c). "[A] person is considered to have purchased a business if the person purchases the name of the business or the goodwill associated with the business." *Id.* § 31.081(g)(1).

> *Id.*, No. 05-18-00197-CV, slip op. at 6–7.

Here, the contract attached to Mahrouq's affidavit identifies the seller as "Public Autos Sales Ltd." The affidavit also indicates appellant purchased property of "Public Auto Sales"

located at 905, 908, 915, 925, 935, and 941 S. Buckner Blvd, Dallas Texas.  The Addendum to the attached contract stated the property that appellant purchased included all right, title, and interest in, and to the goodwill of the business, and was used in the business seller was operating. Moreover, there were publicly filed documents in evidence indicating an entity identified as Public Autos, Ltd. was doing business at 1105 N. Hwy 175 in Seagoville, Texas as "Public Auto Sales" with a registered office located at 925 S. Buckner, Dallas Texas.  There were also public documents in evidence showing Carol E. George was the vice president of Public Auto Sales, Inc. which also conducted business as "Public Auto Sales," and "Public Autos Ltd."

Based on the record before us, the evidence is legally sufficient to support an implied finding that appellant purchased a business, an interest in a business, or inventory of a business from a person who is liable under the property tax code for the payment of taxes imposed on personal property used in the operation of that business.  TEX. TAX CODE § 31.081(a), (g)(1) ("[A] person is considered to have purchased a business if the person purchases the name of the business or the goodwill associated with the business."); *see also Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 43 (Tex. 2018) ("ownership gives rise to tax liability, and the appraisal roll and tax roll merely reflect such ownership—they do not establish ownership or create tax liability").  As in *MEI Investments*, because appellant did not withhold the required amount from the purchase price pursuant to section 31.081(b), it became "liable for that amount to the applicable taxing units to the extent of the value of the purchase price."[5] *See* TAX CODE § 31.081(c).  Because our legal sufficiency analysis does not rely on the presumptions in section 33.47, we need not address appellant's contention that the taxing entities improperly utilized those presumptions to establish liability.  *See Felt v. Harris Cty*., No. 14-12-00327-CV, 2013 WL

---

[5] MEI does not contend, and the record does not show, that the amount the trial court awarded in the judgment exceeded the purchase price.

1738604, at *3 (Tex. App.—Houston [14th Dist.] Apr. 23, 2013, no pet.) (mem. op.) (taxing authorities' alleged improper reliance on section 33.47 presumption to show liability was immaterial where record contained other competent, unrebutted evidence supporting liability).

## CONCLUSION

Because we conclude the trial court did not err in admitting the affidavit and the evidence was sufficient to support the trial court's implied findings that appellant was liable for the outstanding taxes, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

180217F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MEI INVESTMENTS, L.P., Appellant

No. 05-18-00217-CV     V.

DALLAS COUNTY, CITY OF
SEAGOVILLE, DALLAS
INDEPENDENT SCHOOL DISTRICT,
DALLAS COUNTY COMMUNITY
COLLEGE DISTRICT, DALLAS
COUNTY SCHOOL EQUALIZATION
FUND, AND PARKLAND HOSPITAL
DISTRICT, Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. TX-15-02041.
Opinion delivered by Justice Partida-
Kipness. Justices Bridges and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Dallas County, City of Seagoville, Dallas Independent
School District, Dallas County Community College District, Dallas County School Equalization
Fund, and Parkland Hospital District recover their costs of this appeal from appellant MEI
Investments, L.P.

Judgment entered this 2ⁿᵈ day of April, 2019.